**PRAIRIE PRODUCING COMPANY, Prairie Holding Company, and Union Oil Company of California, Appellants,**

v.

**ANGELINA HARDWOOD LUMBER COMPANY, Appellee.**

No. 09–93–184 CV.

Court of Appeals of Texas,
Beaumont.

Submitted May 10, 1994.

Decided Oct. 13, 1994.

Marie R. Yeates, Vinson & Elkins, Houston, Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, M. Scott Taylor, Lufkin, Robert E. Meadows, Sewell & Riggs, Harry M. Reasoner, Vinson & Elkins, Houston, for appellants.

Kenzy D. Hallmark, Lufkin, Dewey Gonsoulin, Mehaffy & Weber, Beaumont, for appellee.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION ON MOTION FOR REHEARING

WALKER, Chief Justice.

On September 22, 1994, Appellee, Angelina Hardwood filed its Motion for Rehearing regarding this Court's opinion filed August 25, 1994, 882 S.W.2d 640. Angelina sets forth forty-seven points of error in complaint to that opinion.

Appellants, Prairie Producing Company, Prairie Holding Company, and Union Oil Company of California (collectively called herein, "Prairie") also filed a Motion for Rehearing setting forth ten points of error, two of which request clarification of our opinion.

This Court determines that there exists some need for further clarification of its original opinion, therefore we make further address.

Our opinion implicitly holds that Angelina cannot recover damages found in Jury Questions 4B and 4C, relating to legal fees and expenses in the sum of $223,361.73 and expert witness fees of $400,000, respectively.

In our original opinion we determined the following:

> The Angelina County jury also awarded Angelina, as further actual damages, $223,361 for attorneys' fees and expenses in the Harris County lawsuit, *even though Prairie was not a party and had no advance knowledge of that suit.* (emphasis added)

To avoid uncertainty as to this Court's position, we sustain Prairie's point of error five and hold that there is no evidence that Prairie's conduct caused those damages awarded through the answer to Jury Question 4B and error resulted in the trial court's awarding same as actual damages.

Prairie's point of error five is further sustained as same relates to those expenditures for expert witness fees alleged to have been caused by and incurred as a result of Prairie's conduct. Angelina was involved in complex litigation in the State of Louisiana with the Hankamer family, regarding ownership of royalties totaling over 37 million dollars. The record before us makes clear the neces-

sity for Angelina to acquire and obtain expert testimony and opinion relating to matters of navigability, because such expert testimony was absolutely essential to sustain Angelina's position in the Louisiana lawsuit with Hankamers regardless of Prairie's conduct. In sustaining Prairie's point of error five as same relates to Jury Question 4C, we determine that there is no evidence to support the trial court's award of $400,000, fees for Angelina's navigability expert and that the trial court erred in approving such award as actual damages.

Finally, our original opinion fails to make clear our intent to extend this Court's judgment to include Union Oil Company of California (Unocal), being a named defendant in the trial court's judgment. Therefore, this Court's original opinion is hereby modified to include Defendant and Appellant Union Oil of California as well as Prairie Producing Company and Prairie Holding Company.[1]

Regarding appellants' points of error asserted in its Motion for Rehearing, we sustain points of error one and two, and overrule points three through ten.

Angelina's points of error are overruled, therefore their Motion for Rehearing is likewise overruled.

Our opinion of August 25, 1994, is thus clarified and modified accordingly.

1. Original defendants below were Prairie Producing and its parent corporation, Prairie Holding. In July 1990, Unocal purchased the Prairie stock and a merger was effected into Unocal. Plaintiff below moved to substitute Unocal as defendant following the verdict and Prairie stipulated that Unocal would be responsible for any liability on the part of Prairie. These facts were so found by the trial court and incorporated into the final judgment. Unocal also perfected appeal with Prairie.